# EXHIBIT A

Supreme Court of the State of New York
County of Richmond

-----------------------------------------------------------------x

PETER GRANTON

**SUMMONS WITH VERIFIED COMPLAINT**

,

Plaintiff.

-against-                                              Index #:
                                                       Date Filed:

LOWE'S HOME CENTERS, LLC

Defendant.

-----------------------------------------------------------------x

Plaintiff designates RICHMOND county as the place of trial. The basis of the venue is plaintiff's residence. Plaintiff resides at 289 Lander Avenue, Staten Island, New York 10314

TO THE ABOVE NAMED DEFENDANTS

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York and in case of your failure to answer, judgment will be taken against you by default for the relief demanded in the annexed complaint with interest from the date the cause of action arose, costs, disbursements, punitive damages and attorneys fees.

Dated: Staten Island, New York
        February 24, 2020

Yours, etc.

By: _____
        James A. Maleady, Esq
        LAW OFFICES OF JAMES MALEADY, ESQ,
        Attorneys for Plaintiff
        292 Nelson Avenue
        Staten Island, New York 10308
        Tel # (347) 452-3703
    Fax# (718) 317-5903
    Email: maleady@nyaccident.com

To: LOWE'S HOME CENTERS, LLC, % CORPORATION SERVICE COMPANY, 80 State Street, Albany, NY 12207-2543

Complaint (Plaintiff Name)                                Page 4 of 5

FILED: RICHMOND COUNTY CLERK 02/24/2020 06:20 PM        INDEX NO. 150389/2020

NYSCEF DOC. NO. 1        Case 1:20-cv-06233-FB-RLM   Document 1-1   Filed 12/23/20   Page 3 of 32 PageID #: 7        RECEIVED NYSCEF: 02/24/2020

SUPREME COURT STATE OF NEW YORK

COUNTY OF RICHMOND

———————————————————X

PETER GRANTON,

                    Plaintiff,

-against-                                    **SUMMONS WITH VERIFIED COMPLAINT**

                                             Index #


LOWE'S HOME CENTERS, LLC

                    Defendant,

———————————————————X

        The Plaintiff, PETER GRANTON, by his attorneys, THE LAW OFFICES OF JAMES

MALEADY, PC, 292 Nelson Avenue, Staten Island, New York, 10308 allege the following on

information and belief:

# FIRST CAUSE OF ACTION

1. On or about February 26, 2017, there was a store operated by the Defendant and located at 2171 Forest Avenue, Staten Island, NY.

2. The incident occurred on February 26, 2017 at LOWE'S HOME CENTERS, LLC at 2171 Forest Avenue, Staten Island, NY.

3. The Defendant, LOWE'S HOME CENTERS, LLC were the sole operators of the store located at 2171 Forest Avenue, Staten Island, NY.

4. Inside the defendant's store at 2171 Forest Avenue, Staten Island, NY, there were items displayed for purchase in aisles.

5. On or about February 26, 2017, one of the aisles was Numbered 37.

6. On or about February 26, 2017, Aisle 37 contained tile.

---

Complaint (Plaintiff Name)                                    Page 1 of 5

7. The tile was stacked in boxes on the shelves in Aisle 37.

8. The tile was stacked by employees and/or agents of the Defendant, LOWE's HOME CENTERS, LLC.

9. There was no one other than the Defendant's employees and/or agents that were charged with stacking the boxes of tile in Aisle 37.

10. The plan or method used to stack the boxes of tile in Aisle 37 was determined by Defendant's agents and/or employees.

11. There was no one other than the Defendant's employees and/or agents who were charged with stacking the boxes of tiles in Aisle 37 on the date of the occurrence.

12. On the date of the accident, the Plaintiff was at the location of the accident at the invitation of and/or with the knowledge, permission and consent of the Defendants.

13. On, before, and after the date of the accident, the Defendants owned, operated, maintained, controlled, managed, supervised, took care of, repaired, inspected and had a duty to operate, manage, maintain, supervise, take care of, control, repair, inspect the place where, the instrumentalities by which and the persons through which the aforesaid accident happened.

14. The Defendant and its agents, servants, employees and/or persons for which the Defendant are vicariously liable were negligent, careless, reckless, grossly negligent, willful, wanton and otherwise culpable and deserving of blame in the ownership, operation, control, maintenance, management control and repair of the place where, the instrumentalities by which and the persons through which the aforesaid accident happened; in creating, causing, and permitting the merchandise in Aisle 37, the boxes of tiles, to come be and remain in an unreasonably dangerous, defective and unsafe condition, in knowing of the same, having an ample opportunity to correct it yet failing to do so; in having acted in reckless disregard for the safety of others; in permitting a nuisance to come be and remain on the premises; in failing to warn the Plaintiff of the same; in failing to safeguard the condition;; in performing work labor and services in a negligent manner; in failing to hire and train competent persons to perform work on the premise and manage the same; res ipsa loquitur; in violating statutes, rules, regulations, customs and usages that this court will take judicial notice at the time of trial; in being otherwise culpable and blameworthy.

15. The limitations of liability set forth in Article 16 of the CPLR do not apply because one or more of the exceptions found in CPLR 1602 applies.

---

Complaint (Plaintiff Name)                                            Page 2 of 5

Case 1:20-cv-06233-FB-RLM  Document 1-1  Filed 12/23/20  Page 5 of 32 PageID #: 9

16. The Plaintiff suffered injuries, pain, suffering, loss of enjoyment of life, a serious injury and other damages and adverse consequences as a direct and proximate result of the aforesaid culpable conduct of the Defendants.

17. The Defendant, LOWE'S HOME CENTERS, LLC is a corporation organized and existing by virtue of the laws of the State of North Carolina and registered to do business in The State of New York.

18. The defendant, LOWE'S HOME CENTERS, LLC designates The Secretary of State as agent for service of process and provides an address of CORPORATION SERVICE COMPANY, 80 State Street, Albany, NY 12207-2543.

19. The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, the Plaintiff respectfully request that the Court grant a judgment against

the defendants on all causes of action for compensatory damages in an amount to be

determined by a jury at the trial of this action together with interest from the date the cause of

action accrued, costs, disbursements, punitive damages and attorney's fees.

Dated: Staten Island, New York
      February 24, 2020

Yours, etc.

_____

LAW OFFICES OF JAMES MALEADY, PC
Attorneys for Plaintiff
292 Nelson Avenue
Staten Island, NY 10308
Tel # (347) 452-3703
Fax # (718) 317-5903
Email: maleady@nyaccident.com

Complaint (Plaintiff Name)                              Page 3 of 5

Case 1:20-cv-06233-FB-RLM   Document 1-1   Filed 12/23/20   Page 6 of 32 PageID #: 10

# **VERIFICATION**

STATE OF NEW YORK )

                      :

COUNTY OF RICHMOND)

I, _____Peter Greenton_____, being duly sworn, say:

I am a _____Plaintiff_____ in the within action; I have read the

foregoing _____Summons & Complaint_____ and know the contents

thereof, the same is true to my own knowledge, except as to matters therein stated to

be alleged upon information and belief, and as to those matters I believe them to be

true.

_____
Signature

Sworn to before me on _____February 24_____, 20 _20_

_____
Notary Public

JAMES A MALEADY
Notary Public. State of New York
No. 02MA5028822
Qualified in Richmond County
Commission Expires June 06, 20___

SUPREME COURT STATE OF NEW YORK

COUNTY OF RICHMOND

_____X

PETER GRANTON,

                       Plaintiff,

-against-

                       Index #


LOWE'S HOME CENTERS, LLC

                       Defendant,

_____X


## SUMMONS WITH VERIFIED COMPLAINT


**Rule 130-1.1(a) Compliance:**


LAW OFFICES OF JAMES MALEADY, PC
Attorneys for Plaintiff
292 Nelson Avenue
Staten Island, NY 10308
Tel # (347) 452-3703
Fax # (718) 317-5903
Email: maleady@nyaccident.com


Complaint (Plaintiff Name)                         Page 5 of 5

Case 1:20-cv-06233-FB-RLM   Document 1-1   Filed 12/23/20   Page 8 of 32 PageID #: 12

# AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

SUPREME COURT
STATE OF NEW YORK, COUNTY OF RICHMOND

Purchased/Filed: February 24, 2020

Index #  150389/2020

*Peter Granton*                                                                        Plaintiff

against

*Lowe's Home Centers, LLC*                                                 Defendant

STATE OF NEW YORK          SS.:
COUNTY OF ALBANY

_____ Felix Correa _____ , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____ May 20, 2020 _____ , at _ 9:30 AM _ , at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons and Verified Complaint

on

_____ Lowe's Home Centers, LLC _____ , the

Defendant in this action, by delivering to and leaving with _____ Colleen Banahan _____ ,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of

the Secretary of State of the State of New York, 99 Washington Avenue, Albany, NY,  2 true copies thereof and that

at the time of making such service, deponent paid said Secretary of State a fee 40 dollars; That said service was

made pursuant to Section 303 Limited Liability Company Law . Deponent further says that deponent knew the

person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly

authorized to accept such service on behalf of said defendant

Description of the person served:  Approx. Age: _ 35-40 _   Approx. Wt: _ Over 200 _   Approx. Ht: _ 5' 4" - 5' 8" _

Color of skin: _ White _   Hair color: _ Brown _   Sex: _ Female _   Other: _____

Sworn to before me on this

_ 20th _ day of May 2020

_____                                    _____
SCOTT SCHUSTER                                                                              Felix Correa
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01SC6308636                                            Attny's File No.
QUALIFIED IN ALBANY COUNTY
COMMISSION EXPIRES JULY 28, 2022                Invoice•Work Order # S1839462

SERVICO. INC.. P.O. BOX 871. ALBANY. NY 12201

1 of 1

Case 1:20-cv-06233-FB-RLM Document 1-1 Filed 12/23/20 Page 9 of 32 PageID #: 13

STATE OF NEW YORK
SUPREME COURT : COUNTY OF RICHMOND

---

PETER GRANTON,

                                        Plaintiff,

v.

LOWE'S HOME CENTERS, LLC,

                                        Defendant.

---

**VERIFIED ANSWER**

Index No.: 150389/2020

Defendant, Lowe's Home Centers, LLC (hereinafter "Lowe's"), by its attorneys, Goldberg Segalla LLP, for its Answer to the Plaintiff's Verified Complaint, responds as follows:

1.      Lowe's admits the allegations contained in paragraph 1 of the Verified Complaint.

2.      Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Verified Complaint.

3.      Lowe's admits the allegations contained in paragraph 3 of the Verified Complaint.

4.      Lowe's admits the allegations contained in paragraph 4 of the Verified Complaint.

5.      Lowe's admits the allegations contained in paragraph 5 of the Verified Complaint.

6.      Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Verified Complaint.

7.      Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Verified Complaint.

8.      Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Verified Complaint.

9.      Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Verified Complaint.

10.     Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Verified Complaint.

11.     Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Verified Complaint.

12.     Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Verified Complaint.

13.     Paragraph 13 of the Verified Complaint calls for legal conclusions, to which no response is required. To the extent that a response is required, Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Verified Complaint.

14.     Lowe's denies the allegations contained in paragraph 14 of the Verified Complaint.

15.     Lowe's denies the allegations contained in paragraph 15 of the Verified Complaint.

16.     Lowe's denies the allegations contained in paragraph 16 of the Verified Complaint.

17.     In response to paragraph 17 of the Verified Complaint, Lowe's states that Lowe's Home Centers, LLC was and is a foreign limited liability company organized and existing under and by virtue of the laws of the State of North Carolina, with its principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina, and denies the remaining allegations contained in paragraph 17 of the Complaint.

18.     Lowe's denies the allegations contained in paragraph 19 of the Verified Complaint.

2

26098767.v1

Case 1:20-cv-06233-FB-RLM   Document 1-1   Filed 12/23/20   Page 11 of 32 PageID #: 15

19.     Lowe's denies the allegations contained in paragraph 19 of the Verified Complaint.

20.     Lowe's denies each and every other allegation of the Complaint not hereinbefore specifically admitted, denied, or otherwise controverted.

**AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

21.     The injuries and/or damages alleged in the Verified Complaint were caused in whole or in part by the culpable conduct, want of care and assumption of risk on the part of the Plaintiff, and without negligence, fault or want of care on the part of Lowe's.

**AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

22.     If Lowe's is found liable to the Plaintiff, its responsibility for the accident is less than fifty-one percent (51%) of the total liability assigned to all persons liable and, therefore, any recovery by the Plaintiff for non-economic loss against Lowe's should be limited to its percentage of liability.

**AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

23.     The Verified Complaint fails to state a cause of action against Lowe's.

**AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

24.     The Plaintiff's injuries, if any, were caused in whole or in part by a person or persons who are not within the control of Lowe's.

26098767.v1

3

Case 1:20-cv-06233-FB-RLM   Document 1-1   Filed 12/23/20   Page 12 of 32 PageID #: 16

**AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

25.     That pursuant to CPLR §4545 and other applicable sections of the CPLR, Lowe's

is entitled to a set off against the amount of any verdict of any monies collected from a collateral

source of payment as set forth in said law.

**AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

26.     The Plaintiff has failed to mitigate his alleged damages.

**AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

27.     Upon information and belief, the underlying incident and alleged resulting

injuries were not proximately caused by any action or inaction of Lowe's.

**AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

28.     Plaintiff's claims are barred by the applicable statutes of limitations.

**AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

29.     In the event the Plaintiff seeks to recover a verdict or judgment against Lowe's,

then said verdict or judgment must exclude or be reduced by those amounts which have been, or

will with reasonable certainty replace or indemnify the Plaintiff, in whole or in part, for any past

or future medical costs, health care, life care, or other economic loss or the benefit that is offered

or provided under or in connection with the Patient Protection and Affordable Care Act.

**AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

30.     To the extent that the Plaintiff fails to obtain coverage available to him that he is

eligible to obtain, and/or failed to take reasonable steps to protect himself from medical costs,

4

26098767.v1

health care or life care costs, or to avail himself of the resources, service benefits, and coverage available to him under the Affordable Care Act, then the Plaintiff failed to mitigate his damages and cannot recover for such failure.

### AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

31.  With regard to the Plaintiff's failure to mitigate his damages, Lowe's intends to offer proof of the cost of premiums and out-of-pocket limits that were made available to the Plaintiff under the Affordable Care Act, and will offer proof of the medical costs that the Plaintiff will not incur under the Affordable Care Act.

### AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

32.  If the Plaintiff receives or has received sums of money in settlement of the claims asserted herein, Lowe's is entitled to the protection, provisions, and limitations of Section 15-108 of the General Obligations Law of the State of New York in reducing the claim of the Plaintiff against Lowe's by the amount stipulated in the Release, the amount of consideration paid for it or the amount of the released defendants' equitable share of the damages, whichever is the greatest.

### AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

33.  All risks and dangers at the time and place set forth as the location of the happening of the incident as alleged in the Verified Complaint were open, obvious, and apparent.

### AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

34.  Any alleged injuries and/or expenses resulted from the pre-existing and/or unrelated medical conditions, injuries or illnesses of the Plaintiff.

5

26098767.v1

Case 1:20-cv-06233-FB-RLM   Document 1-1   Filed 12/23/20   Page 14 of 32 PageID #: 18

### AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

35.    There may be documentary evidence exists which establishes a complete defense to this action.

### AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

36.    The court does not have jurisdiction by reason of improper service of process.

### AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

37.    Lowe's reserves the right to amend this Answer and to add any applicable affirmative defenses after it has had the opportunity to discovery all facts relevant to this action.

**WHEREFORE**, Lowe's demands judgment as follows:

a.    Dismissing Plaintiff's Verified Complaint herein, or

b.    Reducing Plaintiff's recovery in the proportion to which the Plaintiff's culpable conduct, assumption of risk, and want of care bears to the culpable conduct which caused the Plaintiff's damages;

c.    Limiting Plaintiff's recovery for non-economic loss against Lowe's to the percentage of responsibility attributed to Lowe's, if that percentage is less than fifty-one percent (51%), and

d.    Such other and further relief as to this Court may seem just, proper, and equitable together with the costs and disbursements of this action.

26098767.v1

Case 1:20-cv-06233-FB-RLM   Document 1-1   Filed 12/23/20   Page 15 of 32 PageID #: 19

Dated: Buffalo, New York
      April 15, 2020

                          GOLDBERG SEGALLA LLP



                          Kenneth L. Bostick, Jr., Esq.
                          *Attorney for Defendant*
                          *Lowe's Home Centers, LLC*
                          665 Main Street
                          Buffalo, New York 14203-1425
                          (716) 566-5400

TO:    James Maleady, Esq.
        Law Offices of James Maleady, P.C.
        *Attorney for Plaintiff*
        292 Nelson Avenue
        Staten Island, New York 10308
        (347) 452-3703

7

Case 1:2b-cv-06233-FB-RLM   Document 1-1   Filed 12/23/20   Page 16 of 32 PageID #: 20

## ATTORNEY VERIFICATION

STATE OF NEW YORK      )
COUNTY OF ERIE         ) ss:

Kenneth L. Bostick, Esq., being sworn, deposes and says:

1.      I am a partner with the law firm of Goldberg Segalla LLP, attorneys for defendant Lowe's Home Centers, LLC in this matter.

2.      I have read the foregoing Answer and either know the contents to be true or they are alleged upon information and belief, and as to those matters, I believe them to be true based upon the materials supplied by and discussions with defendant.

3.      The reason this verification is made by deponent and not by defendant is that defendant's corporate headquarters and residences are not located in the County of Erie where deponent's law office is located, or in the County of Richmond, where this action is venued.

Kenneth L. Bostick, Jr.

Sworn to before me this
15th day of April, 2020.

Notary Public

SARAH A. WEISHEIT
NOTARY PUBLIC, STATE OF NEW YORK
Qualified in Chautauqua County
Commission Expires May 22, 20 21

26098767.v1

8

Case 1:20-cv-06233-FB-RLM   Document 1-1   Filed 12/23/20   Page 17 of 32 PageID #: 21

SUPREME COURT STATE OF NEW YORK
COUNTY OF RICHMOND
——————————————————————X

PETER GRANTON,

                Plaintiff,

**VERIFIED BILL OF PARTICULARS**

  -against-                 Index No: # 150389/2020

LOWES HOME CENTERS, LLC,

                Defendant

——————————————————————X

      PLEASE TAKE NOTICE, that the following constitutes Plaintiffs PETER GRANTON's response through his attorney, THE LAW OFFICES OF JAMES MALEADY, PC, to Defendants' Demand for A Verified Bill of Particulars:

1.  Peter Granton has only used this name as his only name.

2.  Plaintiff resides on 289 Lander Ave Staten Island New York, 10314 presently and at the time of the occurrence.

3. Plaintiff's date of birth and Social Security will be provided at Plaintiff's deposition.

4. The date of the occurrence was Sunday, February 26th, 2017 at 2:45 pm.

5. The incident occurred at a Lowes Stores located on Forest Avenue, Staten Island. in aisle 37, the tile aisle.

6. Plaintiff was shopping at Lowes with his wife Christine and his father in law Sal in

search for tiles for their kitchen. As Plaintiff was looking for a box of tiles in Aisle 37 and went to pull out a box of tiles with his right hand, went to support the box with right hand, when the box came out it was extremely heavy Plaintiff could not hold the box of tiles forcing his left arm to hyperextend and resulted in his biceps tendon to tear.

7. Plaintiff was shopping for tiles for the kitchen.

8. Lowes was careless and negligence because in placing the extremely heavy tile boxes on top of each other in an upper bin of the stores shelves without placing notices of the heavy weight of the boxes.

9. To be provided following completion of depositions.

10. Plaintiff suffered from a complete tear at the insertion of the biceps tendon with edema extending proximally into the musculotendinous junction. There is retraction of the attachment approximately 2 cm. There is a probable tear of the lacertus fibrosus. Brachilis tendon attachment intact.

11. Not Applicable.

12. Plaintiff was treated by Circle Urgent Care, 2960 Victory Blvd, Staten Island, NY on the date of the occurrence. Thereafter, he was seen at Healthcare Associates at 3311 Hylan Blvd., Staten Island, NY by physicians and physician assistants. An MRI of the left elbow was performed at Radiology Services of New York, 2777 Hylan Blvd. Staten Island, NY 10306 on 03/1/2017. He had surgery at Metropolitan Surgical Institute on March 16, 2017. Following surgery, he had physical therapy at One on One Physical Therapy, 33 Richmond Hill Road, Staten Island, NY 10314.

13. Plaintiff claims that the injury was permanent in nature in that it limits the total range of motion within the left upper arm and causes decreased ability to lift objects using the left arm.

14. Not Applicable.

15. To be provided.

16. Plaintiff was out of work for approximately 3 months.

17. To be provided.

18. To be provided.

19. There is no claim for self employment income.

20. To be provided to the extent applicable.

Dated: Staten Island, NY

      April 2, 2020

                        Yours, etc.,

                        _____

                        LAW OFFICES OF JAMES MALEADY, PC
                        292 Nelson Avenue
                        Staten Island, NY 10308
                        Tel # (347) 452-3703
                        Fax# (718) 317-5903
                        Email:maleady@nyaccident.com

SUPREME COURT STATE OF NEW YORK
COUNTY OF RICHMOND
——————————————————X

PETER GRANTON,



                    Plaintiff,

                    **RESPONSE TO DEMAND FOR MEDICAL RECORDS AND AUTHORIZATIONS**
-against-                    Index # 150777/2019


LOWES HOME CENTERS, LLC,



                    Defendant.

——————————————————X

PLEASE TAKE NOTICE, that the Plaintiff, PETER GRANTON, through their attorneys, LAW OFFICES OF JAMES MALEADY, PC., provides the following response to Defendants' Demand for Authorizations:


1) Plaintiff was treated by Circle Urgent Care, 2960 Victory Blvd, Staten Island, NY on the date of the occurrence.  Thereafter, he was seen at Healthcare Associates at 3311 Hylan Blvd., Staten Island, NY by physicians and physician assistants. An MRI of the left elbow was performed at Radiology Services of New York, 2777 Hylan Blvd. Staten Island, NY 10306 on 03/1/2017. He had surgery at Metropolitan Surgical Institute on March 16, 2017. Following surgery, he had physical therapy at One on One Physical Therapy, 33 Richmond Hill Road, Staten Island, NY 10314.



2) Records and authorizations for the healthcare providers are provided.

Dated: Staten Island, NY

April 2, 2020

Yours,etc.

LAW OFFICES OF JAMES MALEADY, PC

292 Nelson Avenue

Staten Island, NY 10308

Tel # (347) 452-3703

Fax# (718) 317-5903

Email:maleady@nyaccident.com

Case 1:20-cv-06233-FB-RLM   Document 1-1   Filed 12/23/20   Page 22 of 32 PageID #: 26

SUPREME COURT STATE OF NEW YORK

COUNTY OF RICHMOND

————————————————————X

PETER GRANTON,


                        Plaintiff

                                        **RESPONSE TO DEMAND FOR STATEMENTS**

-against-                               Index # 151999/2019

LOWES HOME CENTERS, LLC,



                        Defendant.


————————————————————X

PLEASE TAKE NOTICE, that the Plaintiff, PETER GRANTON, through their attorneys, LAW OFFICES OF JAMES MALEADY, PC., provides the following response to Defendants' Demand for Statements:

    Plaintiff does not have any written statements from the Defendant.

Dated: Staten Island,NY
    April 3, 2020


                                ——————————————————————

                                JAMES A. MALEADY, ESQ.
                                LAW OFFICES OF JAMES MALEADY, PC
                                292 Nelson Avenue
                                Staten Island, NY 10308
                                Tel # (347) 452-3703
                                Fax# (718) 317-5903

SUPREME COURT STATE OF NEW YORK
COUNTY OF RICHMOND
————————————————————X

PETER GRANTON,


                    Plaintiff

                                    **RESPONSE TO DEMAND FOR WITNESSES**

-against-                             Index # 151999/19

LOWES HOME CENTERS, LLC,



                    Defendants.


————————————————————X


PLEASE TAKE NOTICE, that the Plaintiff, PETER GRANTON, , through their attorneys, LAW OFFICES OF JAMES MALEADY, PC., provides the following response to Defendants' Demand for Witnesses:

Plaintiff was with his wife and her father who witnesses the occurrence.


Dated: Staten Island,NY


        April 2, 2020

                            JAMES A. MALEADY, ESQ.
                        LAW OFFICES OF JAMES MALEADY, PC
                            292 Nelson Avenue
                            Staten Island, NY 10308
                            Tel # (347) 452-3703
                            Fax# (718) 317-5903
                            Email:bbmmaleady2@gmail.com

Case 1:20-cv-06233-FB-RLM   Document 1-1   Filed 12/23/20   Page 24 of 32 PageID #: 28

SUPREME COURT STATE OF NEW YORK
COUNTY OF RICHMOND
——————————————————————X

PETER GRANTON,



        Plaintiff,

                              **RESPONSE TO DEMAND FOR EXPERT
                              WITNESSES**

    -against-                   Index # 150646/2019

LOWES HOME CENTERS, LLC,



                  Defendant.

——————————————————————X

PLEASE TAKE NOTICE, that the Plaintiff, PETER GRANTON,  through their attorneys, LAW
OFFICES OF JAMES MALEADY, PC., provides the following response to Defendants' Demand for
Expert Witnesses:


Plaintiff has yet to retain expert witnesses in the above captioned matter. Plaintiff reserves the right to
retain expert witnesses in accord with CPLR 3101(d). Upon retaining expert witnesses, Plaintiff will
exchange in accord with CPLR 3101(d).


Dated: Staten Island,NY


    April 2, 2020                ————————————————
                             JAMES A. MALEADY, ESQ.
                      LAW OFFICES OF JAMES MALEADY, PC
                             292 Nelson Avenue
                           Staten Island, NY 10308
                             Tel # (347) 452-3703

Case 1:20-cv-06233-FB-RLM   Document 1-1   Filed 12/23/20   Page 25 of 32 PageID #: 29

SUPREME COURT STATE OF NEW YORK
COUNTY OF RICHMOND

————————————————————X

PETER GRANTON,


                    Plaintiff
                                        **RESPONSE TO DEMAND FOR DAMAGES**

    -against-                    Index # 150777/2019

LOWES HOME CENTERS, LLC,

                    Defendants.


————————————————————X

PLEASE TAKE NOTICE, that the Plaintiff, PETER GRANTON, through his attorneys, LAW OFFICES OF JAMES MALEADY, PC., provides the following response to Defendants' Demand for Damages:

Plaintiff is seeking fair, reasonable and just compensation as determined by a jury or judge to be appropriate compensation for Plaintiff's pain and suffering and loss of enjoyment in life both for time of the happenstance of the occurrence until the matter comes to trial and for the future from the time therefrom.


Dated: Staten Island, NY
        April 2, 2020


                                    _____
                                    JAMES A. MALEADY, ESQ.
                                    LAW OFFICES OF JAMES MALEADY, PC
                                    292 Nelson Avenue Staten Island, NY 10308
                                    Tel # (347) 452-3703
                                    Fax# (718) 317-5903

SUPREME COURT STATE OF NEW YORK

Case 1:20-cv-06233-FB-RLM   Document 1-1   Filed 12/23/20   Page 26 of 32 PageID #: 30

COUNTY OF RICHMOND

————————————————————X

PETER GRANTON,

                                      Plaintiff,

                                                        **RESPONSE TO LIEN INFORMATION**

          -against-                                     Index # 151999/2019

LOWES HOME CENTERS, LLC,

                                      Defendant.

————————————————————.X

PLEASE TAKE NOTICE, that the Plaintiff, PETER GRANTON, through their attorneys, LAW OFFICES OF JAMES MALEADY, PC., provides the following response to Defendants' Demand for Lien Information:

The Plaintiff is not aware of any entity or individual who is asserting a lien against Plaintiff's recovery.

Dated: April 2, 2020

          Staten Island, NY

                          ————————————————————

                              JAMES A. MALEADY, ESQ.
                      LAW OFFICES OF JAMES MALEADY, PC
                                292 Nelson Avenue
                            Staten Island, NY 10308
                              Tel # (347) 452-3703
                              Fax# (718) 317-5903

Case 1:20-cv-06233-FB-RLM Document 1-1 Filed 12/23/20 Page 27 of 32 PageID #: 31

SUPREME COURT STATE OF NEW YORK
COUNTY OF RICHMOND

———————————————————X

PETER GRANTON,


                         Plaintiff

                              **RESPONSE TO DEMAND FOR PHOTOGRAPHS**

-against-                              Index # 150777/2019

LOWES HOME CENTERS, LLC,


Defendant.


———————————————————X

PLEASE TAKE NOTICE, that the Plaintiff,  PETER GRANTON, through his attorney, LAW OFFICES
OF JAMES MALEADY, PC., provides the following response to Defendants' Demand for
Photographs:

           Plaintiff has attached  photographs of the vehicles involved in the collision. Plaintiff
           has attached photographs of the location of the occurrence.  Plaintiff has attached
           photographs depicting Plaintiff's injuries and damages following this occurrence.

Dated: Staten Island, NY

      April 2, 2020               ———————————————————

                              JAMES A. MALEADY, ESQ.
                              LAW OFFICES OF JAMES MALEADY, PC
                              292 Nelson Avenue
                              Staten Island, NY 10308
                              Tel # (347) 452-3703
                              Fax# (718) 317-5903

Case 1:20-cv-06233-FB-RLM   Document 1-1   Filed 12/23/20   Page 28 of 32 PageID #: 32

Email: maleady@nyaccident.com

Case 1:20-cv-06233-FB-RLM   Document 1-1   Filed 12/23/20   Page 29 of 32 PageID #: 33

SUPREME COURT STATE OF NEW YORK
COUNTY OF RICHMOND
——————————————————X

PETER GRANTON,


                    Plaintiff,

                                        **RESPONSE TO DEMAND FOR**
                                        **MEDICARE & MEDICAID INFORMATION**

-against-                               Index # 151999/2019


LOWES HOME CENTERS, LLC,


                    Defendants.


——————————————————X


        PLEASE TAKE NOTICE, that the Plaintiff, PETER GRANTON, through their attorneys, LAW
OFFICES OF JAMES MALEADY, PC., provides the following response to Defendants' Demand for
Medicare and Medicaid Information:


            Upon information and belief, The Plaintiff is not presently and was not at any time during the
pendency of this action a recipient of either Medicare or Medicaid.


Dated: Staten Island, NY


    April 2, 2020                      _____
                                        JAMES A. MALEADY, ESQ.
                                        LAW OFFICES OF JAMES MALEADY, PC
                                        292 Nelson Avenue
                                        Staten Island, NY 10308
                                        Tel # (347) 452-3703
                                        Fax# (718) 317-5903

Case 1:2p-cv-06233-FB-RLM   Document 1-1   Filed 12/23/20   Page 30 of 32 PageID #: 34

SUPREME COURT STATE OF NEW YORK
COUNTY OF RICHMOND

————————————————————X

PETER GRANTON,


                    Plaintiffs

                              **RESPONSE TO SOCIAL MEDIA**
                              **ACCOUNT INFORMATION**


-against- Index # 150777/2019

LOWES HOME CENTERS, LLC,

                    .

                    Defendant.


————————————————————X


PLEASE TAKE NOTICE, that the Plaintiff, PETER GRANTON through their attorneys, LAW OFFICES
OF JAMES MALEADY, PC., provides the following response to Defendants' Demand for Social Media
Information:

> The Plaintiff shall supply a full and complete response with respect to her Social Media
> presence including account information to the extent applicable at her deposition.


Dated: Staten Island, NY

        April 2, 2020                    _____

                                         JAMES A. MALEADY, ESQ.
                                    LAW OFFICES OF JAMES MALEADY, PC
                                              292 Nelson Avenue
                                           Staten Island, NY 10308

Case 1:2D-cv-06233-FB-RLM   Document 1-1   Filed 12/23/20   Page 31 of 32 PageID #: 35

# VERIFICATION

STATE OF NEW YORK )

                      :

COUNTY OF RICHMOND)

I, _Peter Grenton_____, being duly sworn, say:

I am a _Plaintiff_____ in the within action; I have read the

foregoing _Verified Bill of Particulars_____ and know the contents

thereof, the same is true to my own knowledge, except as to matters therein stated to

be alleged upon information and belief, and as to those matters I believe them to be

true.

_____
Signature

Sworn to before me on _October 28_____, 20 _20_

_____
Notary Public

JAMES A. MALEADY
Notary Public - State of New York
No. 02MA5028822
Qualified in Richmond County
Commission Expires June 6, 20__

Case 1:20-cv-06233-FB-RLM Document 1-1 Filed 12/23/20 Page 32 of 32 PageID #: 36

Index# 151999/2019

SUPREME COURT STATE OF NEW YORK

COUNTY OF RICHMOND

——————————————————————X


PETER GRANTON,


               Plaintiffs


- against-


LOWES HOME CENTERS, LLC,


               Defendant.


——————————————————————X

## VERIFIED BILL OF PARTICULARS AND PLAINTIFF'S DISCOVERY RESPONSES


Certification Pursuant to Rule 130

JAMES A. MALEADY, ESQ.

LAW OFFICES OF JAMES MALEADY, PC

292 Nelson Avenue

Staten Island, NY 10308

Tel # (347) 452-3703

Fax# (718) 317-5903

Email: maleady@nyaccidentl.com